IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00176-CR

 

The State of Texas,

                                                                                    Appellant

 v.

 

Sarah Brooke Dunson,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Coryell County, Texas

Trial Court No. 09-58933

 



MEMORANDUM Opinion



 

Sarah Brooke Dunson was charged by
information with the offense of possession of a dangerous drug.  The trial
court granted Dunson’s motion to suppress evidence.  We reverse and remand.

Background Facts

            On January 30, 2009, at
approximately 1:25 a.m., Officer Michael Gonzales observed a person driving a
convertible vehicle with the top down in twenty-five degree weather.  The
driver approached a four-way stop and failed to stop at the designated stop
line.  Officer Gonzales stopped the vehicle for a traffic violation.

            Christina Garrett was
driving the vehicle, and Dunson was a passenger.  Officer Gonzales approached
Garrett and asked for her driver’s license and proof of insurance.  Officer
Gonzales detected the odor of alcohol coming from the vehicle.  Garrett stated
that they had been at a club, but that she had not consumed any alcoholic
beverages.

            A portable breath test
indicated the presence of alcohol on Garrett’s breath.  A check on Garrett’s
driver’s license revealed that she was under the age of twenty-one, and
therefore, could be charged with driving under the influence of alcohol by
minor.  Tex. Alco. Bev. Code Ann.
§ 106.041 (Vernon 2007).  Officer Gonzales did not place Garrett under arrest,
but instead called Garrett’s mother who agreed to come get her. Before
Garrett’s mother arrived, Garrett asked Officer Gonzales if Dunson could drive
the vehicle.

            Officer Gonzales then made
contact with Dunson to determine if she was a suitable driver.  Another officer
at the scene, Officer Randolph, asked for Dunson’s driver’s license.  Dunson
stated that she had an Idaho license.  The Idaho license was not located, but a
check with dispatch revealed that Dunson actually had a Texas driver’s
license.  Officer Gonzales became concerned that Dunson was trying to hide
something such as outstanding warrants.

            Based upon the contact with
Dunson, Officer Gonzales talked again to Garrett and obtained consent to search
the vehicle.  The officers spoke with both Dunson and Garrett and asked if
there was anything illegal in the vehicle.  Dunson admitted that she had
Darvocet pills and that she did not have a valid prescription for the pills. 
The pills were located in Dunson’s purse.

Standard of Review

            In reviewing a trial court's ruling on a
motion to suppress, appellate courts must give great deference to the trial
court's findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). 
Because the trial court is the exclusive fact finder, the appellate court
reviews evidence adduced at the suppression hearing in the light most favorable
to the trial court's ruling.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  We also give deference to the trial court's rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman v. State, supra.  Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court's actions de novo.  Guzman v. State, supra; Davila v. State,
4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet'n).  We review questions
involving legal principles and the application of law to established facts de
novo.  Kothe v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). 
Therefore, we will examine the legality of the stop de novo.  

Discussion

            We evaluate the
reasonableness of a traffic stop based solely on an objective standard, and an
officer's subjective intent plays no role in our determination of whether a
traffic stop was reasonable.  Garcia v. State, 827 S.W.2d 937, 944 (Tex.
Crim. App. 1992).  Police may validly stop a vehicle for a traffic violation so
long as the stop would be objectively reasonable, regardless of whether the
stop is a mere pretext to investigate unrelated criminal conduct.  Id.

            A traffic stop that is
objectively reasonable at its inception may develop into a Fourth Amendment
violation if the manner of its execution is unreasonable.  Illinois v.
Caballes, 543 U.S. 405, 407 (2005).  A traffic stop made for the purpose of
issuing a warning ticket to the driver can become unlawful if it is prolonged
beyond the time reasonably required to complete that mission.  Id.  An
officer is not prohibited from inquiring into matters unrelated to the purpose
of the traffic stop so long as the stop is not unreasonably extended.  Kothe
v. State, 152 S.W.3d at 63-65.  A traffic stop may last as long as
reasonably necessary to check the driver's license and car registration and to
conduct a computer check of that information.  Kothe v. State, 152
S.W.3d at 63.

The trial court found that Officer
Gonzales did not observe Garrett commit a traffic offense and that he followed
Garrett until he found probable cause to stop her.  The trial court further
found that “Officer Gonzales created a justification for stopping the vehicle
and the initial stop was illegal and violated the defendant’s Fourth Amendment
Rights.”

Dunson does not dispute the initial
stop.  At the suppression hearing, her trial counsel stated, “our issue doesn’t
have anything to do with the stop.  I believe the testimony of the officer is
sufficient to show that there was a valid reason to make the stop . . . We
don’t have an issue with the initial contact.”  Trial counsel further stated he
was “not making argument that the stop wasn’t valid … we’re not arguing about
the reason for the stop.”

            We agree with Dunson’s
counsel and find that the initial stop was legal and did not violate Dunson’s
Fourth Amendment rights.  The trial court did not make a determination of the
reasonableness of the detention after the initial stop.  Because the trial
court did not make findings on the continued detention, we do not consider
whether the continued detention was reasonable.  We sustain the State’s sole
issue on appeal.

Conclusion

            We reverse the trial court’s
order granting Dunson’s motion to suppress and remand to the trial court for further
proceedings consistent with this opinion.

 

 

                                                                                    AL
SCOGGINS

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Reversed
and remanded

Opinion
delivered and filed March 16, 2011

Do
not publish